UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEQUEEN AND EASTERN RAILROAD, LLC,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**BRINK ENGINEERING SOLUTIONS, LLC,**<br><br>　　　　**Defendant.** | **Case Number: 6:22-cv-00093-KEW**<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff DeQueen and Eastern Railroad, LLC ("DQE") respectfully submits this First Amended Complaint against Defendant Brink Engineering Solutions, LLC ("Brink") for breach of contract, and states:

### I. PARTIES

1. <u>DeQueen and Eastern Railroad, LLC</u>. DeQueen and Eastern Railroad, LLC ("DQE") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 10752 Deerwood Park Blvd., Suite 300, Jacksonville, FL 32256.  DQE is also registered in Arkansas as a Foreign Limited Liability Company and has an office located at 412 E. Lockesburg Street, DeQueen, Arkansas 71832.

2. <u>Brink Engineering Solutions, LLC</u>.  Upon information and belief, Brink Engineering Solutions, LLC ("Brink") is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business located at 11182 Lawrence 2130, Mt. Vernon, Missouri 65712.  Upon information and belief, Brink also has an office located at 17442 State Hwy Z, Verona, Missouri 65769.

<u>FIRST AMENDED COMPLAINT</u> – Page 1

## II.  JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1332.  Diversity of citizenship exists between DQE and Brink, and, the amount in controversy exceeds $75,000.00 because Brink currently owes, at least, $52,853.35 in damages, plus future damages and repairs Plaintiff must pay International Paper, and Plaintiff's attorneys' fees, which are recoverable under the Contract and Ark. Code Ann. § 16-22-308, all of which together exceeds the sum of $75,000.00, exclusive of interest and costs..

4.  This court has personal jurisdiction over Brink because it does business in this District.  *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).  Specifically, Brink entered into a contract with DQE to perform certain bridge repair services in this District (Exhibit A, "Contract").  DQE and Brink also stipulated to transfer this case to this District and consented to personal jurisdiction.  Dkt. No. 26.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.  Specifically, Brink contracted to perform certain services in this District, and in that regard, interacted with DQE in this District.  DQE and Brink also consented to transfer this case to this venue.  Dkt. No. 26.

## III.  FACTUAL BACKGROUND

6.  DQE, among other things, provides rail services to International Paper in Valiant, Oklahoma pursuant to a Service Agreement between DQE and International Paper.

7.  On March 16, 2018, DQE and Brink entered into a services contract for the performance of certain bridge repair services in Arkansas and Oklahoma, including services near the International Paper plant in Valiant, Oklahoma.  *See* Exhibit A.

8. Specifically, Brink agreed to provide all necessary equipment, supervision, materials and labor to perform bridge repair services in Arkansas and Oklahoma. *Id*. at § 1.

9. Pursuant to Section 12 of the Contract, Brink agreed to indemnify and hold harmless DQE from any and all claims, demands, liability, losses, damages, injury, costs, and expenses for loss and damage to property belonging to any person:

> **[Brink] hereby releases and agrees that it shall indemnify and hold harmless DQE** and all of its directors, officers, shareholders, agents, employees, managers, representatives, subsidiaries, affiliates, successors and assigns (each, individually an "Indemnified Party" and, collectively, "Indemnified Parties") **from any and all fines, judgements, awards, claims, decrees, demands, liability, losses, damages, injury, costs and expenses (including attorney fees and costs) of any and every kind whatsoever, including, without limitation**, for injury or death to all persons, including DQE's and [Brink's] officers and employees, and **for loss and damage to property belonging to any person (including environmental claims) arising in any manner from or in the performance of this Agreement or the breach by [Brink] of any provision of this Agreement**. [Brink] shall not be required to indemnify DQE when the loss is caused by the gross negligence of DQE. The obligations of this Section shall survive termination of this Agreement.

*Id*. at § 12 (emphasis added).

10. Brink also agreed to "indemnify and hold harmless DQE from any and all liens, claims, demands, costs, or expenses of any nature in any way connected with or growing out of such work done, labor performed or materials furnished." *Id*. at § 7.

11. Upon information and belief, on or around August 16, 2018, Brink and/or Nation Construction, LLC ("Nation"), Brink's subcontractor[1], was performing work under the Contract for DQE on a railroad track in or around Valliant, Oklahoma. *See* Exhibit B.

---

[1] The Contract states that Brink "is and shall remain responsible for all work of subcontractors and an[y] work of subcontractors shall be governed by the terms of this Agreement." Exhibit A at § 18.

**FIRST AMENDED COMPLAINT** – Page 3

12. While conducting this work, Brink and/or Nation severely damaged (1) a water supply line, (2) a number of the line's vent pipes, and (3) severed a fiber optic cable, resulting in an approximately 80-foot geyser of water. *Id.*

13. On September 11, 2018, International Paper wrote a letter to DQE demanding full indemnification and insurance coverage from DQE for all known and unknown damages incurred as a result of Brink and/or Nation's conduct on August 16, 2018. Exhibit B. International Paper demanded payment pursuant to its Service Agreement with DQE. Service Agreement, Exhibit C.[2]

14. To date, International Paper has spent $52,853.35 repairing the damages caused by Brink and/or Nation, and International Paper expects to incur additional repair costs in the future. *See id.*; *see also* Exhibit D.

15. International Paper later billed DQE for the $52,853.35 in necessary repairs.

16. On October 3, 2018, DQE sent a letter to Brink demanding it honor its indemnification obligations under the Contract. Exhibit E; Exhibit A at §§ 7, 12, 18. Brink failed to respond.

17. DQE sent a second letter to Brink on March 31, 2020 re-urging its demand for Brink to indemnify DQE. Exhibit F.

18. On April 13, 2020, Brink's counsel notified DQE that Brink would not indemnify DQE, in breach of its contractual obligations. Exhibit G. Despite its obligations to do so, Brink took the position that it is not required to indemnify DQE because the damage was allegedly caused by "unauthorized actions of third parties contracted by [] [Brink] to provide rental equipment for

---

[2] Exhibit C is an excerpt from the Service Agreement between DQE and International Paper. This agreement is confidential, but DQE will submit a copy of the agreement to the Court in camera, if necessary. DQE previously produced a redacted version of the Service Agreement to Brink pursuant to the Parties' Agreed Protective Order. Dkt. No. 42.

**FIRST AMENDED COMPLAINT** – Page 4

use by Brink Engineering."³  *Id*.  The Contract expressly states Brink is responsible for "all work of subcontractors."  Exhibit A at § 18.

19. Because of Brink's refusal to indemnify DQE in breach of their contract, DQE was forced to pay International Paper the full amount demanded as required by the Service Agreement. Exhibit H.

20. Brink's refusal and failure to indemnify and reimburse DQE for the damages paid to International Paper is a breach of the Contract. Exhibit A at § 12.

21. In addition, Brink breached the Contract by assigning work to Nation without DQE's prior written consent.  *Id*. at § 18.

22. DQE was forced to incur damages and file this Complaint as a result of Brink's repeated breach of the Contract and refusal to indemnify DQE.

## IV.  CAUSES OF ACTION

### Count I: Breach of Contract

23. DQE repeats and realleges each allegation set forth in Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. DQE and Brink entered into the Contract on March 16, 2018.  Exhibit A.  The Contract was valid and enforceable.

25. The Contract required Brink to indemnify and hold harmless DQE from any and all claims, demands, liability, losses, damages, injury, costs, and expenses of any nature in any way connected with or growing out of work done, labor performed, or materials furnished under the Contract, specifically including any loss and/or damage to property belonging to any person.  *Id*. at §§ 7, 12.

---

³ On August 4, 2022, Brink filed a Third-Party Complaint in this case against Nation.  Dkt. No. 49.

26. The Contract also required Brink to (A) receive written consent from DQE before assigning any work to Nation and (B) be solely responsible (1) for the operation, installation, and maintenance of all equipment, and (2) for all work done by subcontractors, including Nation. *Id*. at §§ 13, 18. Brink assigned work to Nation without receiving DQE's written consent. *Id*. at § 18.

27. DQE performed all conditions required of it under the Contract, but Brink failed to do the same.

28. On or around August 16, 2018, Brink and/or Nation performed work under the Contract near a paper mill owned by International Paper. While conducting this work, Brink and/or Nation severely damaged (1) a water supply line, (2) a number of the line's vent pipes, and (3) severed a fiber optic cable, resulting in an approximately 80-foot geyser of water. *See* Exhibit B.

29. International Paper demanded full indemnification and payment from DQE for the damages caused by Brink and/or Nation. *See id*.

30. On October 3, 2018, DQE timely and properly provided notice to Brink and demanded that Brink fulfill its indemnification obligations. Exhibit E. Brink failed to respond to DQE's demand, requiring DQE to send a second demand on March 31, 2020. Exhibit F.

31. Brink responded to DQE's second letter on April 13, 2020 and refused to indemnify DQE. Exhibit G. Brink believes it is not required indemnify DQE because the damage was allegedly caused by "unauthorized actions of third parties contracted by [] [Brink] to provide rental equipment for use by Brink Engineering." *Id*. In other words, Brink does not believe it is responsible for its subcontractor's work. This is incorrect—the Contract expressly states that Brink is responsible for "all work of subcontractors." Exhibit A at § 18. Brink's April 13th letter concedes that Brink hired Nation to provide work under the Contract.

**FIRST AMENDED COMPLAINT** – Page 6

32.     Because of Brink's refusal to indemnify DQE, DQE, as required by its Service Agreement with International Paper, was forced to pay International Paper for the $52,853.35 in necessary repairs.  Exhibit H.  Brink's refusal to indemnify DQE is a breach of the Contract and has caused, and continues to cause, DQE damages.

33.     In addition to Brink's breach of § 12 of the Contract by refusing to indemnify DQE, Brink also breached the Contract by assigning work to Nation without DQE's prior written consent.  Exhibit A at § 18. Such a breach proximately led to the damages detailed in ¶ 12 above, and the resulting damages DQE suffered.

34.     Despite DQE's compliance with all of its obligations under the Contract, Brink failed to honor the Contract by (1) assigning work to Nation without DQE's prior written consent and then (2) refusing to indemnify and reimburse DQE for the damages Brink and/or Nation caused.  As a result, DQE has incurred damages, including, but not limited to, $52,853.35 DQE paid to International Paper due to Brink's breach of the Contract and failure to indemnify DQE, and DQE will be further damaged in the future.

35.     Moreover, DQE is entitled to recover its reasonable and necessary attorneys' fees in this matter pursuant to § 12 of the Contract and Ark. Code Ann. § 16-22-308.

## V.  JURY DEMAND

36.     DQE, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable by right.

## VI.  RELIEF REQUESTED

37.     DQE respectfully requests the following relief:

    A.     To enter judgment for DQE and enforce the Contract which remains binding on Brink;

**FIRST AMENDED COMPLAINT** – Page 7

   B.  To award damages to DQE for Brink's breaches of the Contract, including interests and costs, and any punitive and exemplary damages;

   C.  To award DQE attorneys' fees pursuant to the Contract and Ark. Code Ann. § 16-22-308; and

   D.  To award DQE any other relief to which it is entitled and that the Court may deem just, equitable, and proper.

              Respectfully submitted,

              */s/ Darby V. Doan*
              Darby V. Doan
              Arkansas Bar No. 96064
              Cole A. Riddell
              Arkansas Bar No. 2018051
              HALTOM & DOAN
              6500 Summerhill Rd., Suite 100
              Texarkana, Texas 75503
              Telephone (903) 255-1000
              Facsimile (903) 255-0800
              E-Mail: ddoan@haltomdoan.com
              E-Mail: criddell@haltomdoan.com

              Michael S. Linscott, OBA No. 17266
              Two West 2nd Street, Suite 700
              Tulsa, Oklahoma 74103-3117
              Telephone: 918-591-5288
              Facsimile: 918-925-5288
              Email: mlinscott@dsda.com

              **ATTORNEYS FOR PLAINTIFF**
              **DEQUEEN AND EASTERN**
              **RAILROAD, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically and served on all counsel of record, on this 31st day of August, 2022.

              */s/ Darby V. Doan*
              Darby V. Doan

**FIRST AMENDED COMPLAINT** – Page 8