UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEQUEEN AND EASTERN RAILROAD, LLC<br><br>Plaintiff<br><br>v.<br><br>BRINK ENGINEERING SOLUTIONS, LLC<br><br>Defendant | Case No. 6:22-cv-93-KEW |

\*       \*       \*

| | |
|---|---|
| BRINK ENGINEERING SOLUTIONS, LLC<br><br>Third-Party Plaintiff<br><br>v.<br><br>NATION CONSTRUCTION, LLC<br><br>Third-Party Defendant | Case No. 6:22-cv-93-KEW |

**BRINK ENGINEERING SOLUTIONS ANSWER TO
DEQUEEN AND EASTERN RAILROAD'S FIRST AMENDED COMPLAINT**

Brink Engineering Solutions, LLC ("Brink"), for its answer to Dequeen and Eastern Railroad, LLC's (DQE) first amended complaint, states:

**Parties**

1.  Brink is without information or knowledge sufficient to form a belief about the allegations in Paragraph 1.

2.  Brink admits the allegations in Paragraph 2.

1

**Jurisdiction and Venue**

3. Brink admits that diversity of citizenship exists between DQE and Brink. Brink is without information or knowledge sufficient to form a belief that the amount in controversy exceeds $75,000. Thus, Brink is without information or knowledge sufficient to form a belief about this Court's subject-matter jurisdiction.

4. Brink admits the allegations in Paragraph 4.

5. Brink admits the allegations in Paragraph 5.

**Factual Background**

6. Brink is without information or knowledge sufficient to form a belief about the allegations in Paragraph 6.

7. Brink denies the allegations in Paragraph 7 to the extent they conflict with the terms of the contract. Brink admits the remainder of the allegations.

8. Brink denies the allegations in Paragraph 8 to the extent they conflict with the terms of the contract. Brink admits the remainder of the allegations.

9. Brink denies the allegations in Paragraph 9 to the extent they conflict with the terms of the contract. Brink admits the remainder of the allegations.

10. Brink denies the allegations in Paragraph 10 to the extent they conflict with the terms of the contract. Brink admits the remainder of the allegations.

11. Brink admits that it was performing work around the identified time and around the identified place. Brink denies the remainder of the allegations in Paragraph 11.

12. To the extent Paragraph 12 alleges that Brink caused the identified damage, Brink denies. To the extent Paragraph 12 alleges that Nation caused the identified damage, Brink admits.

13. Brink is without information or knowledge sufficient to form a belief about the allegations in Paragraph 13.

14. Brink is without information or knowledge sufficient to form a belief about the amount of money International Paper has spent or will spend on repairs. Brink denies that it caused any damages to International Paper. Brink admits that any damages were caused by Nation.

15. Brink is without information or knowledge sufficient to form a belief about the allegations in Paragraph 15.

16. Brink admits that DQE sent the identified letter to Brink on October 3, 2018. Brink denies the remainder of the allegations.

17. Brink admits the allegations in Paragraph 17.

18. Brink admits that it sent a letter to DQE on April 13, 2020, which contains the quoted language. Brink admits that the DQE-Brink contract contains the quoted language. Brink denies the remainder of the allegations, specifically the allegation that Brink breached its contractual obligations and the implication that Brink is responsible for Nation's actions.

19. Brink is without information or knowledge sufficient to form a belief about whether DQE paid International Paper or was required to pay International Paper. Brink denies the remainder of the allegations, including the allegation that Brink breached the DQE-Brink contract.

20. Brink denies the allegations in Paragraph 20.

21. Brink denies the allegations in Paragraph 21.

22. Brink denies the allegations in Paragraph 22.

## Causes of Action

### Count I: Breach of Contract

23. Brink incorporates its responses to Paragraphs 1–22 as though fully set forth herein.

24. Brink denies the allegations in Paragraph 24 to the extent they conflict with the terms of the contract. Brink admits the remainder of the allegations.

25. Brink denies the allegations in Paragraph 25 to the extent they conflict with the terms of the contract. Brink admits the remainder of the allegations.

26. Brink denies the allegations in Paragraph 26 to the extent they conflict with the terms of the contract. Brink admits the remainder of the allegations.

27. Brink denies the allegations in Paragraph 27.

28. Brink admits that it performed the identified work on or around the identified date. Brink denies that Nation Construction, LLC ("Nation") was performing work under the DQE-Brink contract. Brink denies that it caused the identified damage. Brink admits that Nation caused the identified damage.

29. Brink is without information or knowledge sufficient to form a belief about whether International Paper demanded full indemnification from DQE. Brink denies any implication that it caused damage. Brink admits that Nation caused any damage that was sustained.

30. Brink admits that DQE sent letters on the identified dates. Brink denies the remainder of the allegations in Paragraph 30.

31. Brink admits that it sent a letter to DQE on April 13, 2020, and refused to pay DQE. Brink admits that the quoted language is in the April 13 letter. Brink admits that it is not liable to DQE for the alleged damages. Brink denies the remainder of the allegations, including but not limited to the allegations that Nation is a subcontractor and that Brink hired Nation.

32. Brink is without information or knowledge sufficient to form a belief about whether DQE has been "forced" to make payments to International Paper. Brink denies that its refusal to

4

indemnify DQE has caused DQE damages, and Brink denies that it breached the DQE-Brink contract.

33. Brink denies the allegations in Paragraph 33.

34. Brink denies the allegations in Paragraph 34.

35. Brink denies the allegations in Paragraph 35.

## Jury Demand

36. Paragraph 36 does not contain allegations to which Brink must respond. To the extent Brink must respond, it denies the allegations.

## Relief Requested

37. Brink denies that DQE is entitled to the relief requested in Paragraph 37.

## AFFIRMATIVE DEFENSES

38. Brink affirmatively asserts that DQE does not have standing under Article III of the United States Constitution, including but not limited to having no injury traceable to Brink.

39. Brink affirmatively asserts that the first amended complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

40. Brink affirmatively asserts that recovery is barred by the voluntary-payment rule.

41. Brink affirmatively asserts all affirmative defenses available under Federal Rule of Civil Procedure 8(c)(1).

42. Brink reserves all defenses available under Federal Rule of Civil Procedure 12(b).

43. Brink reserves the right to amend this answer as further discovery may require.

## JURY DEMAND

44. Brink joins in DQE's request for a jury trial.

WHEREFORE, Brink Engineering Solutions, LLC requests that this Court dismiss DeQueen and Eastern Railroad, LLC's complaint with prejudice and grant Brink all other just and proper relief to which it is entitled.

Respectfully submitted,

Michael N. Shannon (*pro hac vice*)

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
(501) 379-1700
(501) 379-1701 fax
mshannon@qgtlaw.com

- and -

Vincent O. Chadick (OK Bar No. 15981)

QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
(479) 444-5200
vchadick@qgtlaw.com

*Attorneys for Brink Engineering Solutions, LLC*

## CERTIFICATE OF SERVICE

I certify that on September 12, 2022, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which notifies all CM/ECF participants of record (which constitutes all known parties and counsel of record).

/s/ Michael N. Shannon
Michael N. Shannon